**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**JUAN ALEXI ORTIZ VIGIL,**
**#245985505,**

**Petitioner,**

**v.** **CIVIL ACTION NO. 2:26cv553**

**JEFFREY CRAWFORD,**
***ICA-Farmville Detention Center,***

**And**

**ROBERT GUADIAN,**
***ICE Washington Field Office,***

**Respondents.**

# REPORT AND RECOMMENDATION

This matter was initiated by Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by pro se Petitioner Juan Alexi Ortiz Vigil ("Petitioner" or "Vigil"). Pet. (ECF No. 1). Vigil is an immigration detainee currently being housed at ICA-Farmville Detention Center. Id. at 1. His Petition alleges he is unlawfully subject to immigration detention and seeks release from ICE custody or, in the alternative, a fair bond hearing. Id. at 6, 8.

The court exercised its discretion under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("the § 2254 Rules") to apply the § 2254 Rules to the instant § 2241 Petition and ordered Respondents to file an answer to the Petition, together with any applicable attachments referenced in Rule 5 of the § 2254 Rules, and if appropriate, a motion to dismiss. Order (ECF No. 5). The same Order advised that

Petitioner may, if he desires, file a reply to Respondents' answer or motion to dismiss within fourteen (14) days of receipt of Respondents' filings. Id.

On June 15, 2026, Respondents filed a Motion to Dismiss, (ECF No. 6), arguing that Vigil is subject to mandatory detention under 8 U.S.C. § 1231, as he is subject to a removal order. Mem. Supp. Fed. Resp'ts' Mot. to Dismiss ("Resp'ts' Mem.") (ECF No. 7). Since the Petition's filing, factual developments in Vigil's immigration proceedings changed and an Immigration Judge ordered Vigil removed to El Salvador on June 10, 2026. Order of Immigration Judge (ECF No. 7-1). Both Petitioner and the Department of Homeland Security ("DHS") waived their right to appeal the order of removal by not filing an application for relief from removal under 8 C.F.R. § 1240.11. Id.; Resp'ts' Mem. (ECF No. 7, at 1-3). Thus, Respondents argue Vigil's removal order is administratively final and he is detained under 8 U.S.C. § 1231. Resp'ts' Mem. (ECF No. 7, at 1-2). The court advised Vigil, by written order, of his right to respond to the Motion, the timeline for doing so, and the possible consequences of not responding. Notice (ECF No. 8). Vigil filed no substantive response and the deadline for responding has now passed.[1]

After reviewing the Petition, Respondents' motions and the Immigration Judge's Order of Removal, I conclude that Vigil's Petition fails to state any claim for relief under 28 U.S.C. § 2241, and his Petition should be dismissed.

[1] None of the court's orders have been returned as undeliverable.

## I. FACTUAL AND PROCEDURAL HISTORY

Vigil is detained at the Farmville Detention Center, and his Petition is a form document that appears with some frequency in this District. Pet. (ECF No. 1). He argues that he was treated as an applicant for admission and was detained without a bond hearing under 8 U.S.C. § 1225(b) rather than § 1226(a). Id. at 6. His prayer for relief asks for "release from ICE custody or, in the alternative, to order a fair bond hearing." Id. at 8.

Respondents' motion, however, asserts that as a result of factual developments in the case, Vigil is now detained under § 1231, which lawfully imposes mandatory detention on immigrants subject to a final order of removal. Resp't's Mem. (ECF No. 7, at 1-2). As of June 10, 2026, Vigil was subject to an order of removal following his unsuccessful application for withholding of removal. Order of Immigration Judge (ECF No. 7-1). Records identified in Respondents Memorandum include an Immigration Judge's Order of Removal and information that Vigil waived his right to appeal, therefore making Petitioner's Removal Order administratively final on that date. Resp't's Mem. (ECF No. 7, at 1-2).

## II. ANALYSIS

As Respondents acknowledged, this District has received many habeas petitions from ICE detainees contesting mandatory detention under § 1225(b)(2) and seeking bond under the provisions of § 1225(a), as Vigil's Petition asserts. But not every detainee subject to mandatory detention is subject to the same statutory basis for detention. And in Vigil's case, mandatory detention—which may not have been proper under § 1225(b)(1)—has now been superseded by final resolution of his application for admission. Now that his application has been finally denied, he is subject to a final order of removal. As a result,

his continued detention is proper for at least some period of time under 8 U.S.C. § 1231(a)(1)(B)(i) and (a)(2), following the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001). In Zadvydas, the Supreme Court recognized that detention under § 1231 is presumptively reasonable for at least six months. Id. at 701.

Under 8 U.S.C. § 1231, the United States is provided ninety days to execute a removal upon a final order. The 90-day removal period begins on the latest of three dates: (1) the date the order becomes administratively final; (2) if the removal is judicially reviewed and the court orders a stay of the removal, the date of the court's final order; and (3) if the individual is detained or confined, the date of his release. 8 U.S.C. § 1231(a)(1)(B). Upon the lapse of the 90-day removal period, the government must "subject [the non-citizen] to [an order of] supervision under regulations prescribed by the Attorney General." Id. § 1231(a)(3).

Under Zadvydas v. Davis, the Supreme Court recognized the "serious constitutional concerns" arising from "indefinite detention" under § 1231. 533 U.S. at 682. The Court held that § 1231 authorizes post-removal-period detention only for "a period reasonably necessary to bring about [the] alien's removal from the United States." Id. at 689; see also 8 U.S.C. § 1231(a)(6). It further concluded that a "reasonably necessary" period is presumptively six months. Zadvydas, 533 U.S. at 701; Castaneda v. Perry, 95 F.4th 750, 760 (4th Cir. 2024) ("[T]he Zadvydas standard is due process: a § 1231 detainee who fails the Zadvydas test fails to prove a due process violation."). After the presumptively reasonable six-month period, the burden shifts to the detained individual to demonstrate that "there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701.

As Vigil's detention under that statute began last month, his Petition is premature and should be dismissed. See Order, Chavarria Fuentes v. Lyons, No. 1:25-cv-2050 (E.D. Va. Mar. 17, 2026) (ECF No. 28). Should Vigil remain detained beyond the presumptively reasonable six-month period of detention, he may bring a new claim for relief under the standards set out in Zadvydas.

## III. CONCLUSION

For the reasons stated, Respondent's Motion to Dismiss, (ECF No. 6), should be GRANTED, and the Petition, (ECF No. 1), should be DENIED and DISMISSED.

## IV. REVIEW PROCEDURES

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia
July 22, 2026

**Clerk's Mailing Certificate**

A copy of the foregoing was mailed this date to:

**Juan Alexi Ortiz Vigil**
**099537629**
Farmville Detention Center
P.O. Box N
Farmville, VA 23901

and an electronic copy was provided to:

**David Ross Tannenbaum**
United States Attorney's Office (Alexandria)
2100 Jamieson Avenue
Alexandria, VA 22314

Laura G. Griffin, Clerk

By /s/ J.L. Meyers
Deputy Clerk

July 22, 2026